UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Joshua Allan Large, ) | Civil Action No.: 4:16-cv-02772-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Horry County Police Department, Kenneth ) | |
| Kenneth Marcus, Tina Vaught, Chief ) | |
| Chief Saundra Rhodes, Raul Dennis, Stan ) | |
| Strickland, and Scott Rutherford, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, Joshua Allan Large, brought this action pursuant to 42 U.S.C. § 1983 for malicious prosecution, and state law claims for intentional infliction of emotional distress and malicious prosecution. Pending before the Court is Defendants' [ECF No. 29] motion for summary judgment and Defendants' [ECF No. 31] motion to unseal.

This matter is before the court with the Report and Recommendation [ECF No. 50] of Magistrate Judge Thomas E. Rogers, III filed on January 29, 2018.[1] The Magistrate Judge recommended that Defendants' motion for summary judgment be granted as to the § 1983 malicious prosecution claim because Plaintiff could not establish that the charges were terminated in Plaintiff's favor. The Magistrate Judge recommended the remaining state law claims be remanded to state court under 28 U.S.C. § 1367(c)(3) and the motion to unseal could be addressed by the state court.

Plaintiff timely filed Objections [ECF No. 51] to the Magistrate Judge's Report and Recommendation.

---

[1] This matter was referred to Magistrate Judge Rogers pursuant to 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2).

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R & R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must "'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the

materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

"Once the moving party has met [its] burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, unsupported speculation, or conclusory allegations to defeat a motion for summary judgment. *See Baber*, 977 F.2d at 875. Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

## Discussion

The Magistrate Judge recommended that summary judgment be granted as to Plaintiff's § 1983 malicious prosecution claim because Plaintiff could not establish that his charges were terminated in his favor. Plaintiff's charges were dismissed following his participation in a pretrial intervention program.

3

"To state such a claim [for malicious prosecution], a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012) (citing *Lambert v. Williams*, 223 F.3d 257, 261 (4th Cir.2000), *Durham v. Horner*, 690 F.3d 183, 188 (4th Cir.2012)) (internal citations omitted). Dismissal of charges as a result of entry into a pretrial intervention program is not termination of proceedings in plaintiff's favor. *See Robinson v. Metts*, 86 F. Supp. 2d 557, 563 (D.S.C. 1997), aff'd, 188 F.3d 503 (4th Cir. 1999); *Jordan v. Deese*, 317 S.C. 260, 262, 452 S.E.2d 838, 839 (1995) ("We hold that dismissal of criminal charges as the result of the accused's voluntary entry into, and successful completion of, a PTI Program is not, as a matter of law, a termination of the action in his favor").

Plaintiff's objections do not dispute that Plaintiff's charges were dismissed following participation in a pretrial intervention program. Accordingly, because Plaintiff has failed to establish that his criminal proceedings terminated in his favor, his § 1983 malicious prosecution fails and Defendants are entitled to summary judgment on that claim.

The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims under 28 U.S.C. § 1367(c)(3).

## **Conclusion**

Having reviewed the record and applicable law, the court agrees with the recommendations of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case. The court has reviewed Plaintiff's objections and finds that they are without merit. The court overrules Plaintiff's objections and adopts and incorporates by reference the Report and Recommendation [ECF No. 50] of the Magistrate Judge.

4

Accordingly, Defendants' [ECF No. 29] motion for summary judgment is **GRANTED** and the Plaintiff's claim for malicious prosecution brought under 42 U.S.C. § 1983 is hereby **DISMISSED with prejudice.** Pursuant to 28 U.S.C. § 1367(c), Plaintiff's state law claims are remanded to the Horry County Court of Common Pleas. The state court may also determine Defendants' [ECF No. 31] motion to unseal.

    **IT IS SO ORDERED.**

March 19, 2018  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge